# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

TYRONZA MILLER,

      Petitioner,

v.

STEVEN RIVARD,

      Respondent.
_____/

Case No. 1:15-CV-517

HON. GORDON J. QUIST

## ORDER ADOPTING
## REPORT AND RECOMMENDATION

Petitioner, Tyronza Miller, has filed Objections to Magistrate Judge Phillip Green's May 12, 2017, Report and Recommendation ( R & R), recommending that the Court deny Miller's petition for writ of habeas corpus. In the R & R, the magistrate judge concluded that Miller failed to meet the "'nearly insurmountable hurdle'" that habeas petitioners asserting sufficiency-of-the-evidence claims face. (R & R at 15, 17 (quoting *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011 (en banc)). In particular, the magistrate judge observed that the prosecutor was not required to provide eyewitness identification of Miller as the perpetrator of the carjacking. The magistrate judge also summarized the circumstantial evidence and found that the facts permitted an "extremely strong inference" that Miller perpetrated the carjacking. (*Id.* at 17.) As for Miller's second claim—that the prosecution's introduction of prior bad acts evidence deprived him of his right to due process—the magistrate judge concluded that Miller's due process claim fails because there is no clearly established law from the United States Supreme Court that admission of propensity evidence in the form of other bad acts violates a defendant's due process rights. (*Id.* at 18.) Finally, the magistrate judge concluded that Miller fails to show that the Michigan Court of Appeals' adjudication of Miller's ineffective assistance of counsel claim was unreasonable. (*Id.* at 21–22.)

Pursuant to 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R, Miller's Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

First, as to the sufficiency of the evidence claim, Miller restates the evidence and argues that it was insufficient to convict him of carjacking, particularly since no witness identified him as the perpetrator. As the magistrate judge correctly observed, however, ample circumstantial evidence was presented to allow the jury to conclude that Miller took the vehicle from the victim. This evidence included testimony that the stolen vehicle was recovered in Texarkana, Texas, less than eight miles from where Miller was arrested. In short, Miller fails to show that "the evidence was so overwhelmingly in favor of [Miller] that it compelled a verdict in his . . . favor." *Thompson v. Bock*, 215 F. App'x 431, 436 (6th Cir. 2007). Moreover, Miller fails to show that the state court's decision amounted to an objectively unreasonable application of *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781 (1979). *See Williams v. Taylor*, 529 U.S. 362, 409, 120 S. Ct. 389, 1521 (2000).

As for his second claim, Miller argues that *Duncan v. Henry*, 513 U.S. 364, 115 S. Ct. 887 (1995), undermines the magistrate judge's statement that there is no clearly established Supreme Court precedent holding that a state court violates the Due Process clause by admitting propensity evidence in the form of other bad acts evidence. Miller is mistaken. *Duncan* dealt with the issue of *exhaustion*, and the portion of *Duncan* that Miller cites is the *dissent*. Finally, as to Miller's trial counsel's failure to object to admission of the threatening text messages Miller sent to Brianna Boals, the Court concurs with the magistrate judge that, given the abundance of evidence the prosecution presented to the jury, the state court's determination that Miller failed to show prejudice from counsel's deficient performance was reasonable.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Miller's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Miller's claim was debatable or wrong. Thus, the Court will deny Miller a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued May 12, 2017 (ECF No. 17) is **APPROVED AND ADOPTED** as the Opinion of this Court. Petitioner's Objection (ECF No. 18) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

This case is **concluded**.

A separate judgment will enter.

Dated: June 28, 2017            /s/ Gordon J. Quist
                                GORDON J. QUIST
                                UNITED STATES DISTRICT JUDGE